SEABOARD AIR LINE RAILWAY, PLAINTIFF IN ERROR, v. JULIA A. BARWICK, DEFENDANT IN ERROR.

(On application for rehearing.)

This case was decided by Division B.

TAYLOR, J.   This cause comes again before the court upon an application for rehearing. Each member of the court, not disqualified, has carefully gone over and considered all the evidence presented in the record, and are unanimously of the opinion that the case made thereby does not in law justify a recovery. The only point upon which there was any conflict at all in the evidence was shown by the evidence to be wholly immaterial. Such conflict was as to whether the bell upon the engine was being sounded at the time of and before the accident. The plaintiff alone testified that it was not rung, but by the plaintiff's own testimony it was shown that even if the

defendant railway was in fact guilty of negligence in not sounding its engine bell, such negligence on its part did not contribute in any way to the bringing about of the accident, since the plaintiff herself testified that she knew of the presence of the moving train, heard the rumbling thereof, and after she got upon the track saw the approaching head-light. The duty of a railroad company to ring its engine bell and to sound its whistle is for the sole purpose of giving warning of the approach of trains; if a person about to cross the track has full knowledge of an approaching train otherwise than from hearing its bell or whistle, by actually seeing the moving train or from hearing the rumbling noise of its approach, then as to him the negligent failure to ring the bell or sound the whistle becomes immaterial, as it contributes in no way to any injury resulting to him from being struck by such train while he was attempting to cross the track immediately in front of it. The overwhelming preponderance of the evidence, however, went to show that the bell upon this train was being sounded for sometime immediately before, and at the time of, the accident. There was no evidence of any negligence on the part of the defendant company that was the proximate cause of, or that contributed to the bringing about of, the injury to the plaintiff. On the other hand the uncontradicted evidence on behalf of the defendant showed affirmatively that it was not guilty of any negligence that contributed to the production of the injury to the plaintiff, but the plaintiff's own testimony and that of all the witnesses showed that the accident and injury to her resulted solely from her own recklessness and imprudence in attempting to cross a railroad track on a dark night immediately in

front of an approaching train. The application for rehearing, is, therefore, hereby denied.

SHACKLEFORD, C. J., HOCKER, WHITFIELD and PARK-HILL, JJ., concur.

COCKRELL, J., disqualified.